Crabtree *v.* Clark.

GEORGE CRABTREE *versus* DANIEL CLARK *& al.*

Where the subscribing witness to a note testifies to his own signature, but can recollect nothing more, and fails to prove its execution by the payer, other evidence of the genuineness of the signature is admissible.

Where a note appears from inspection to have been altered, and the jury are of opinion, that the alteration was made after the execution of the note, it will be their duty to return their verdict for the defendant. But whether altered subsequently, or not, is a question for them, if no explanatory testimony is adduced. They are not to be instructed as matter of law, that if not accounted for by the plaintiff, the note is void.

If a note is partly written by one hand, and finished by another with a different ink, this does not furnish *prima facie* evidence, that the note was fraudulently altered.

EXCEPTIONS from the Eastern District Court, CHANDLER J. presiding.

Assumpsit upon a promissory note, dated July 9, 1836, payable to the plaintiff, and alleged to have been made by the defendants. Their signatures were denied, and one Abner Lee, who appeared on the note to have been a subscribing witness thereto, was called by the plaintiff. He testified that it was his genuine signature; that he did not know that he saw either of the defendants sign the note; that he thought he did not put his name to it as a witness at the time it was made; that about the time the note was made, he had it in his possession for a time, and thought he then put his name to it as a witness; that he did not recollect of seeing the parties together, nor the defendants together, nor any thing in regard to the consideration, nor any circumstance in regard to its execution, nor any acknowledgement of either of the defendants, that the signatures were theirs; and that he could not tell at whose request he witnessed the note, nor who gave it to him, nor how long he continued in possession of it, nor how or to whom it went from his possession.

The Judge thereupon ruled, that the signatures might be proved by other evidence, the defendants objecting thereto. On the introduction of other evidence, the note was read to the jury. On inspection of the note, it appeared that the

words " *and interest*," and " *attest, Abner Lee*," were in different ink from the rest of the note, and in a different handwriting. The rest of the note was in the handwriting of one of the defendants. Lee, on being recalled, said that those words were in his handwriting.

The defendants then contended that it was apparent on the note that these words were added after the note was made, and were alterations of it after it was executed, and that it was incumbent on the plaintiff to prove that the alterations were made under justifiable circumstances, or the note would be void.

The plaintiff then introduced evidence tending to show, that about the time the note was given, Lee had sold a horse to the defendants in which he had some interest as mortgagor, and the plaintiff as mortgagee, and that this note was passed to the plaintiff to extinguish his mortgage. Lee, however, denied any agency for the plaintiff in the sale of the horse, and could remember nothing of the consideration of the note. The plaintiff introduced a witness, who testified, that at the request of the plaintiff he went with the note to the defendants; that he saw Clark in May or June, 1837, and requested payment of it; that Clark at first said the note was not good because the word pay was omitted in it, but that afterwards Clark took the note and read it, and said it was good, and it was of no use to give another, that he could not pay it then, but was expecting some money soon. The witness also called upon the other defendant, who said he could not pay it then, and wished there was some way to get it out of Lee, but could not say the note was read by that defendant. The witness stated that no alteration had been made in the note since he first saw it.

The defendants' counsel again objected, that the note had been altered since it was signed, by the addition of the words, " *attest*, Abner Lee" and " *and interest*," and that under the circumstances of this case, it was incumbent on the plaintiff to show, that it had not been altered, or he could not prevail.

The presiding Judge instructed the jury, that forgery and crime were not to be presumed, the note having been proved

Crabtree *v.* Clark.

to have the signatures of the defendants to it; that if they would have the benefit of an alteration of the note after it was made, it was incumbent on the defendants to show it, and not on the plaintiff to disprove it; that if the words in the different ink had since been added without the assent of the defendants, it was forgery, and they were absolved from all obligation to pay it, and the verdict would be for them. But that if these words were added with the defendants' knowledge and assent, it did not invalidate the note; and that the jury might take into consideration the testimony tending to show the assent of the defendants to it afterwards, and give it such weight as they considered it entitled to.

The verdict was for the plaintiff, and exceptions were filed by the defendants.

*Hathaway & Herbert,* for the defendants, contended that the Judge erred at the trial, in permitting the introduction of other testimony than that of the attesting witness to prove the signatures of the defendants to the note. The case does not come within any of the exceptions under which such testimony is admissible.

Under the circumstances of this case, it was incumbent on the plaintiff to prove that the alteration in the note was made for justifiable purposes, and not for the defendants to prove the contrary. 10 Coke, 92, (b); Chitty on Bills, 312, 313; 3 Nev. & Per. 375; 1 Peters, 369; 1 Dall. 67; 2 B. & P. 283; Saund. Pl. & Ev. 90.

But if the burthen of proof was in the first instance on the defendants, it was changed to the other party by the evidence.

*T. Robinson,* for the plaintiff, said that the plaintiff was bound only to furnish the best evidence. He brings into Court the attesting witness, who swears to his own handwriting, and knows nothing beyond this. Other evidence is then admissible of necessity, or the plaintiff must lose his note. Chitty on Bills, 624, and cases cited in the notes.

He did not understand, that the exceptions showed an alteration of the note, after it was signed, but the contrary. The

case does not therefore come within the principles which the cases cited for the defendants were intended to establish.  This was not a question of law, but of fact to be submitted to the jury for their decision.  The instructions were strictly correct. 2 Stark.  Ev. 294 ; 6 Car.  &  P. 273 ; Chitty on Bills, 625 ; *Gooch* v. *Bryant,* 1 Shep. 386.

The opinion of the Court (Shepley J. being absent,) was by

Weston C. J. — A note, which has the attestation of a subscribing witness, is to be proved by calling that witness. But if, from defect of memory or any other cause, such witness fails to prove the execution of the note, other evidence of the genuineness of the signature is admissible.  Chitty on Bills, 625 ; *Lemon* v. *Dean,* 2 Camp. 636.  The recollection of the subscribing witness in this case, failing him altogether, there could be no legal objection to the admission of other testimony to show, that the signatures were the proper handwriting of the defendants.

Where a note has been manifestly altered, cases have been cited for the defendants to establish the position that it is incumbent upon the holder to account for such alteration.  If he does not, and the jury are of opinion, that it was made after the execution of the note, it will be their duty to return their verdict for the defendant.  But whether altered subsequently, or not, is a question for them, if no explanatory testimony is adduced.  They are not to be instructed, as matter of law, that if not accounted for the note is void.  *Bishop* v. *Chambre,* 3 Car. & P. 55 ; *Taylor* v. *Mosely,* 6 Car. & P. 273 ; *Gooch* v. *Bryant,* 13 Maine R. 386.

But if the rule was such, as is contended for by the counsel for the defendants, that if a note has been manifestly altered, the plaintiff cannot recover, without proving that it was fairly done, it does not appear to us, that the note in controversy is to be pronounced altered upon inspection.  If so, a note partly written by one hand, and finished by another, who happens to dip his pen in a different inkstand, is *prima facie* a note fraud-

ulently altered. Such a conclusion, besides being founded upon an assumption of forgery, which is not to be presumed, would be at least as likely to be erroneous as correct. Such a circumstance may throw suspicion upon the instrument, but whether valid or not must necessarily be left to the jury. But in truth in this case the admission of one of the defendants, who inspected the note, in its present condition, that it was good, fairly removes all suspicion that any fraudulent alteration had been practised upon it.

*Exceptions overruled.*