THOMAS LUCE *vs.* JACOB B. HADLEY.

Bristol. October 28. — December 18, 1875. MORTON, J., absent.

The mortgagee of a vessel, who is in possession, and to whom supplies for the use of the vessel have been furnished, under such circumstances that he is liable for them, is properly described as owner in the declaration in an action to recover for the supplies.

CONTRACT. The first count of the declaration was as follows: "And the plaintiff says the defendant was in June, 1868, and is the owner of bark Ocean Steed, of New Bedford, and the plain-

tiff, at the request of the defendant, furnished casks for said bark, in shooks, for her outfit for a whaling voyage, (a schedule of which appears by the account hereto annexed,) and the defendant owes the plaintiff the sum of $731.15, according to said account."

The second count was as follows: " And the plaintiff says the defendant owes him $731.15, according to the account hereto annexed.

" Jacob B. Hadley, owner of Ocean Steed,

                                                    To Thomas Luce, Dr.

" (1.)   June 30, 1868 — 8554 gallon casks in shooks for Ocean Steed, at 6½ cents                                    $556.01
" (2.)   Interest to date of writ                               175.14
                                                                _____
                                                                $731.15 "

The answer contained a general denial, and alleged payment.

At the trial in the Superior Court, before *Pitman*, J., it appeared in evidence, and was not disputed, that the shooks mentioned in the declaration were furnished to the bark Ocean Steed, a British vessel, but sailing from New Bedford ; that the defendant, with others, held the vessel under a mortgage from the legal owners, who were British subjects, and a power of attorney from them authorizing him and his co-mortgagees to sell and dispose of the vessel; that the defendant and his co-mortgagees fitted her for the whaling voyage in which these shooks were used and for which they were furnished ; and that the defendant never had any other title to the vessel.

Upon these facts, the judge ruled and instructed the jury, against the defendant's objection, that for the purposes of the case the defendant was an owner, so far as to enable the plaintiff to maintain his action upon the first count of his declaration. The jury returned a verdict for the plaintiff for the amount claimed, and the defendant alleged exceptions.

*H. M. Knowlton*, for the defendant.

*G. Marston*, for the plaintiff.

BY THE COURT. The only question, which arises on the bill of exceptions in this case, is whether the mortgagee of a vessel who is in possession, and to whom supplies for the use of the vessel have been furnished, under such circumstances that he is

liable for them, is properly described in the declaration as owner of the vessel.

By the well settled law of this state, a mortgage of a chattel vests the title and property in the mortgagee, which, although not absolute, is only defeasible upon a condition subsequent; and, unless there is an agreement to the contrary, the right of possession follows the right of property. The mortgagee is therefore properly described as owner. *Pratt* v. *Harlow*, 16 Gray, 379. *Coles* v. *Clark*, 3 Cush. 399, 401. *Esson* v. *Tarbell*, 9 Cush. 407, 411. *Dean* v. *M' Ghie*, 4 Bing. 45, 49. *Dickinson* v. *Kitchen*, 8 El. & Bl. 789. *Brown* v. *Tanner*, L. R. 3 Ch. 597, 602. *Exceptions overruled.* ·