BELFAST NATIONAL BANK *vs.* ALONZO J. HARRIMAN *et als.*

Waldo.   Decided November 30, 1878.

*Trial. Law and fact.*

Whether there has been an alteration in a note; whether, if one, it was made before the note passed from the hands of the maker or afterwards; whether he consented to such alteration or not, and whether the same was fraudulent or not, are questions of fact for the jury.

Whether such alteration is material or not is a question of law for the court.

ON REPORT.

ASSUMPSIT on a promissory note for $500, dated Belfast, November 30, 1872, and payable to the defendants four months after date, wherein Harriman & Co. were principals, and Frye & Locke, sureties.

Defense, material alteration. The word' July was apparently written and partially erased, and November 30 written afterward. Frye and Locke both testified they first heard the note was not paid after Harriman & Co.'s failure; Frye, that he first so heard the day it was sued, in June, 1875. Harriman testified that he

knew nothing about the alteration; C. M. Littlefield, the other defendant, that the note was written by him, and negotiated that day, November 30, or soon after; that he presumed it was signed by the sureties the day it was carried to the bank, or a day or two before. Bradbury, the cashier, testified that the note was taken at the bank, exactly as it is now, about the time of its date.

*W. H. Fogler*, for the plaintiffs.

*W. H. McLellan*, for the sureties.

APPLETON, C. J.   By the terms of the report, if there are any facts for the jury, the case is to stand for trial.

The defense relied upon is that there has been a material alteration in the note in suit, and without the assent of the defendants.

I. Whether the alteration is material is matter of law for the court. Whether there has been an alteration or not is a fact for the determination of the jury.   *Wood* v. *Steele*, 6 Wall. 80. *Cole* v. *Hills*, 44 N. H. 227.

II. If the jury find there was an alteration, then it is for them to determine, if it was made before the note passed from the hands of the makers or afterwards, and whether or not they consented to the alterations made. Those questions are to be settled upon all the evidence in the case, the surrounding circumstances and the nature, character and appearance of the alterations. *Ely* v. *Ely*, 6 Gray, 439.   Whether a note is altered subsequently or not is a question for the jury, when no explanatory evidence is offered. *Crabtree* v. *Clark*, 20 Maine 337.   When there are no indications of falsity found upon the paper, the plaintiff is not bound to go further and prove it was made on the day it purports to be. *Pullen* v. *Hutchinson*, 25 Maine, 249.   The question by whom the alterations were made, when made and whether fraudulent or not, are for the jury.   *Cole* v. *Hills*, 44 N. H. 227.   " Whether there be an alteration, and the time of it, the manner of it, by whom it was made, with what authority, or design, or on what grounds, are all questions of fact for the jury."   2 Parsons on Notes and Bills, 576.   While proof of the defendant's signature is *prima facie* evidence that the whole body of the note written over it is the act of the defendant, still the burden of proof is on

the whole evidence on the plaintiff to show that the note declared on is the note of the defendant. *Simpson v. Davis*, 119 Mass. 269.

*The case to stand for trial.*

WALTON, BARROWS, DANFORTH, PETERS and LIBBEY, JJ., concurred.