## Darraugh v. Denny, Executor.

### (Decided November 28, 1922.)

## Appeal from Grant Circuit Court.

1. New Trial—Disqualification of Juror—Sufficiency of Affidavit.— In an affidavit in support of a motion for a new trial on account of the disqualification of a juror, it is a sufficient allegation of fact to say that the juror is a second or third cousin of the defendant or of the defendant's wife, without alleging how or through whom the relationship is reached.

2. New Trial—Disqualification of Juror—Diligence.—An affidavit which states that plaintiff inquired of certain jurors whether they were related to either party by blood or marriage, and they answered "No," shows sufficient diligence without alleging that plaintiff made an independent investigation for the purpose of determining whether or not the answers were true.

3. New Trial—Disqualification of Juror—Sufficiency of Affidavit.— It is not necessary to allege in an affidavit for a new trial on account of the disqualification of a juror that the juror was influenced by the relationship or was actuated by any ulterior motive in rendering the verdict.

4. New Trial—Disqualification of Juror.—Where the undenied affidavits for a new trial showed that four of the jurors were related to the defendant, one being a second cousin by blood, another a third cousin by blood, while the other two were third cousins by marriage, a new trial should have been granted.

5. Witnesses—Transactions With Deceased Persons—Indirect Evidence.—Where there was a plea of material alteration in a note executed by the payee's deceased wife, he was not competent to testify that the blurred condition of the note was due to circumstances occurring after its execution, as this evidence would have a tendency to establish the condition of the note at the time it was delivered.

6. Bills and Notes—Non Est Factum—Burden of Proof.—On the issue of non est factum, the burden of proof is on the plaintiff.

7. Bills and Notes—Want of Consideration—Material Alteration—Burden of Proof.—On the issue of no consideration and material alteration, the burden of proof is on the defendant.

8. Bills and Notes—Alteration—Burden of Proof.—Proof of payor's signature to a note makes out a prima facie case that the whole body of the note is his act, and it then devolves upon defendant to show from the appearance of the instrument itself or otherwise, that it has been materially altered. When this is done, the burden shifts to plaintiff to explain how and when the alteration was made.

9. Bills and Notes—Evidence—Relevancy to Issue.—Where in an action on a promissory note there was no plea of settlement or payment, and the only defenses were non est factum, no consideration and material alteration, the contract of settlement was not admissible.

10. Bills and Notes—Alteration—Issues—Instructions.—In submitting the issue of material alteration of a promissory note, the instructions should confine the alterations to those relied on in the answer.

J. J. BLACKBURN and W. S. CASON for appellant.

DICKERSON & DICKERSON, C. C. ADAMS and O. S. HOGAN for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

J. C. Darraugh sued Franklin Clarke Denny, executor of the estate of his deceased wife, Nancy A. Darraugh, to recover on a note for $2,500.00, subject to a credit of $525.00. The defendant pleaded *non est factum*, want of consideration and material alteration of the note. The first trial resulted in a verdict for plaintiff, which was set aside and a new trial granted. The second trial resulted in a hung jury, and a third trial in a verdict and judgment for defendant. Plaintiff appeals.

One of the grounds on which a new trial was asked was the relationship of certain jurors to the defendant and the defendant's wife. It appears from the affidavits that the juror, T. T. Thompson, is a second cousin of the defendant; that the juror, W. P. Colston, is a third cousin of the defendant, and that the jurors, L. F. Sayers and B. P. Adams, are defendant's third cousins by marriage. It further appears that the defendant and each of the jurors knew of the relationship, and that the jurors were asked as to the relationship and answered that they were not related. The affidavits also show that plaintiff did

not discover the relationship of the jurors to the defendant and his wife until after the trial. No counter affidavits were filed, but the court held the affidavits and grounds insufficient. In support of this ruling, it is argued that the affidavits and grounds are vague and indefinite; that they do not state facts showing the relationship, and that although they do state that the jurors knew of the relationship, and when asked in reference thereto, answered that they were not related, they do not show that the answers were made for any ulterior motive. It is further insisted that the affidavits do not show that plaintiff exercised reasonable diligence to discover the relationship. This is not a case where the relationship is stated in such indefinite terms as to require the services of a genealogist to determine what it is. The degree of relationship is shown. While greater particularity may be required in cases where property rights depend upon the precise degree of relationship, we are of the opinion that where the only question is the disqualification of a juror, it is a sufficient allegation of fact to say that he is the second or third cousin of the defendant or of the defendant's wife, without alleging how or through whom the relationship is reached. There was no want of diligence on the part of plaintiff in not discovering the relationship sooner. He did all that the law required when he asked the jurors whether they were related by blood or marriage to either party to the action. He had the right to rely on their answers and was under no duty to institute an independent investigation for the purpose of determining whether their answers were true or false. That being true, it was not necessary to allege in the affidavit that any such investigation was made. Nor was it necessary to allege that the jurors were influenced by the relationship or were actuated by any ulterior motive in rendering the verdict. Triers of fact should be fair and impartial. Men are partial to their own. Therefore, relatives of parties to trials should not sit as jurors, and when a close relationship is shown, the disqualification of the juror follows as a matter of course. 16 R. C. L. 259. According to the undenied affidavits in the case at bar, four of the jurors were related to defendant, one of them being a second cousin by blood, another a third cousin by blood, while the other two were third cousins by marriage, and when this condition of affairs

was brought to the attention of the trial court, it should not have hesitated to grant plaintiff a new trial.

In view of another trial, it becomes necessary to pass on other questions. Plaintiff offered to prove that the blurred condition of the note was due to the fact that it was written with an indelible pencil, and the note became wet while he was riding horseback in the rain, and further that the condition of the note was not as blurred when he delivered it to his attorney for the purpose of bringing suit, but the evidence was excluded. Plaintiff insists that this evidence was admissible because it did not relate to any transaction which plaintiff had with his deceased wife, but related to an occurrence which took place long after the transaction was had. The rule that a party may not testify for himself concerning a transaction with one then dead includes indirect evidence, as well as direct evidence. Clearly, plaintiff was not competent to testify as to the condition of the note when he received it. For the same reason he was not competent to testify that the present condition of the note was due to circumstances occurring after its execution, as this evidence would have a tendency to establish the condition of the note at the time it was delivered.

On the question of non est factum, the burden of proof was on plaintiff. Thompson v. Eversole, 162 Ky. 836, 173 S. W. 165. On the questions of no consideration and material alteration, the burden was on defendant. Bronston's Admr. v. Lake, 135 Ky. 173, 121 S. W. 1021. However, when plaintiff proved his wife's signature to the note, he made out a prima facie case that the whole body of the note was her act. Simpson v. Davis, 119 Mass. 229, 20 Am. Rep. 324. It then devolved upon defendant to show from the appearance of the instrument itself, or otherwise that it had been materially altered. Davis v. Jenney, 1 Metcalfe (Mass.) 221. When this was done, the burden shifted to plaintiff to explain how and when the alteration was made. Elvert v. McClelland, 8 Bush 577; Frazer's Admr. v. Frazer, 13 Bush 397; Wild v. Ormsby, 6 Cush. 314.

There was introduced in evidence a contract of settlement purporting to be signed by plaintiff and his wife. There being no plea of settlement or of payment, the contract was not relevant to any issue made by the pleadings and should have been excluded.

In submitting the issue of material alteration, the court should have confined the alterations to those relied on in the answer.

Judgment reversed and cause remanded for new trial consistent with this opinion.