## Furst et al. v. Spurlock et al.

March 24, 1942.

J. Woodford Howard and W. P. Mayo for appellants.

Bond & Bond and B. M. James for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER—Reversing.

Appellants, who were wholesale distributors of mer-

chandise, entered into a written sales agreement whereby they agreed to sell goods on credit to James Herald. Appellees, Spurlock and Waddle, signed the sales agreement as sureties for Herald.

This action was instituted by appellants against Herald and his sureties for an unpaid balance of $411.97. The written agreement was introduced in evidence. Appellees defended on the ground that the signatures appearing on the agreement sued on were forgeries and that they did not execute the agreement. The answer admitted that appellees signed a similar agreement but alleged that it contained a clause limiting their liability to the sum of $60. Default judgment was taken against Herald; the jury found in favor of the sureties and judgment was entered on the verdict. From that judgment this appeal has been prayed.

Appellants contend (1) that they were entitled to a peremptory instruction at the close of all the evidence, and (2) the court erred in its instructions to the jury.

Appellee Waddle testified that before Spurlock affixed his signature to the instrument, he (Waddle) wrote on the face of the instrument the clause limiting liability of the sureties to $60. He then delivered the instrument to Herald to obtain the signature of Spurlock. When Herald returned the writing, Spurlock's name was signed thereto. He thereupon affixed his own signature and delivered the agreement to Herald to forward to appellants. Two bankers identified the signatures on the agreement as being genuine signatures of Spurlock and Waddle. Spurlock identified his own signature on the agreement; testifying that he signed only one agreement and did not remember whether it contained the clause limiting liability. There was no evidence from which an inference could be drawn that the instrument had been altered and we have carefully examined the writing and are of the opinion that its appearance conclusively shows no alteration to have been made. Waddle denied that his name was affixed to the agreement introduced in evidence but his testimony in that respect lacks conviction and was given at the conclusion of many evasive answers to questions directed to the genuineness of the signature and after he had admitted that the signature looked like his. He stated that he did not affix his signature to more than one instrument of this kind nor did he have any satisfactory explanation of how a signature similar to his could

have been affixed to the instrument admittedly signed by Spurlock. He indicated that it might have been a carbon copy of the signature he affixed to the instrument allegedly containing the clause limiting liability, but the instrument shows it was not a carbon tracing; on the contrary the signatures are original and were affixed with an indelible pencil.

On the question of non est factum the burden of proof is on the plaintiff. Thompson v. Eversole, 162 Ky. 836, 173 S. W. 165. That burden is met when the plaintiff proves the signatures of the defendants to the writing. It then devolves upon the defendants to show that the instrument had been altered or to disprove the genuineness of his signature. Darraugh v. Denny, 196 Ky. 614, 245 S. W. 152. The only evidence in support of defendants' theory is the testimony of Waddle which is so inconsistent with the rest of his testimony, the uncontradicted evidence of physical facts, and the uncontradicted testimony of Spurlock and the two bankers, as to be of no probative value either in proof of alteration of the instrument or in disproof of the genuineness of the signatures. We are, therefore, of the opinion appellants' motion for a peremptory instruction should have been sustained. In view of our conclusion in this respect it is not necessary to consider the second ground urged for reversal.

Wherefore the appeal is granted and the judgment reversed for proceedings not inconsistent with the views herein expressed.