W. T. STONE *et al.*, EXECUTORS, *v.* LIZZIE MORGAN *et al.*,

*and*

LIZZIE MORGAN *et al., v.* W. T. STONE *et al.*, EXECUTORS.

1. ESTATE OF DECEDENT. *Final account. Exception for failure to collect debt. Evidence of insolvency of debtor.*

On the hearing of an exception to the final account of an executor for a failure to account for a debt due the estate, the executor testified that the debtor "*is* insolvent." *Held*, that no effort having been made by the exceptors to elucidate this testimony, by further examination of the executor, it is proper to conclude that such debtor has been insolvent ever since the death of the testator.

2. SAME. *Non-accounting for debt. Evidence on exception thereto. Case in judgment.*

It is not sufficient to excuse an executor from accounting for certain claims due the estate, for him to file, for the first time, a list of such claims as uncollectible, after the presentation of a petition by the legatees for a final settlement. But, upon exception taken for such non-accounting, some evidence should be introduced at the hearing thereof to show that such claims were not collectible.

3. SAME. *Final account. Executor estopped to re-open annual account. Case in judgment.*

An executor deposited funds of the testator's estate in a merchant's safe, and the same were stolen. Afterwards the executor, in his annual account, re-

65 MISS.—17.

ported such funds as being in his hands, which account was duly passed on and allowed by the court. In his final account the executor asks credit for the funds so stolen. *Held*, that he is estopped to re-open the decree on his annual account by making a statement of facts different from that upon which his annual account was approved.

APPEAL and CROSS-APPEAL from the Chancery Court of Carroll County.

HON. R. W. WILLIAMSON, Chancellor.

Dudley Stone died in May, 1884, testate, with W. T. and J. B. Stone as his executors. In May, 1886, Lizzie Morgan and others, legatees and devisees, filed a petition asking for a final settlement of the estate, and the executors were ordered to make such settlement. The executors then filed their final account, to which the petitioners excepted as follows:

"1. Because the amount of a note due the estate by W. G. Stone, to wit, for $100, is not included in the debits against said executors.

"2. Because said executors wholly fail to account in any way for the following claims shown by their inventory: [Here follows list of claims.]

"3. Because said executors have failed to collect interest on the following claims: [Here follows list]. And exceptors ask that said executors be required to show the date, maturity, notes and amount of interest due and uncollected on each of the aforesaid claims.

"4. Because said executors have failed to account for eight hogs shown by appraiser's inventory." [The evidence shows an accounting for the hogs.]

"5. Exceptors ask that they may be permitted to inspect vouchers for credits allowed in first annual settlement, and that they may be allowed to make objections to such of said vouchers as are liable to exception.

"6. Exceptors ask to be allowed to inspect vouchers for credits claimed on final settlement and to make objections thereto.

"7. They except to item 15, in the credits claimed on final account, because they say that said moneys were lost in conse-

quence of negligence and want of diligence, and unnecessary delay on the part of executors."

It was shown that the executors deposited this money in a separate drawer in the safe of a respectable firm of merchants in Vaiden, and that it was stolen therefrom by burglars.

The further evidence on the several exceptions, necessary to be stated in this report, is sufficiently set forth in the opinion of the Court.   Only the first of the exceptions above stated was sustained by the Court below; the others were overruled.   The parties on both sides appealed.

*A. H. Somerville & Frank Johnston,* for the appellants and cross-appellees.

1.   As to the first exception the conclusive fact is that W. G. Stone *was insolvent.*   This is testified to by W. T. Stone, and no witness contradicts him.

Clearly the executors cannot be held responsible for this insolvent asset.

2.   The second exception was properly overruled.

The claims enumerated in the second exception were formally reported under oath by the executors to the Court as utterly worthless and insolvent, and they tendered the claims into court to be delivered to the legatees and heirs.

3.   The 5th and 6th exceptions present no questions for decision.

4.   As to the seventh exception the only legal question is whether the executors used reasonable care and prudence in placing this package of money in the safe.

Instead of acting negligently these executors most clearly displayed care and prudence in the disposition of this money. They selected what, to any prudent man, was the most secure place available to them.

If one of the executors had owned a safe of his own and placed the money in it, he would not have been responsible if it had been thus stolen.

The case of *Stevens v. Gage,* 55 N. H., 175, is directly in point.

*Somerville & McClurg,* for the appellees and cross-appellants.

1. The court did not err in sustaining the first exception.

The executor is *prima facie* chargeable with all the debts due the estate.

W. T. Stone, testifying in May, 1887, says: W. G. Stone *is* insolvent, meaning at that time. The burden was upon him to show that the claim was uncollectible and that he and his associate had used such diligence as the law requires.

It may be that W. G. Stone was solvent in June, 1884, when the claim should have been inventoried.

2. The claims mentioned in the second exception are properly chargeable against the executors. The burden was upon them to show that the claims are uncollectible and that they have used due diligence in the management of them. There is no showing on this point. The report itself is not evidence. *Tell City Furniture Co.* v. *Stiles*, 60 Miss., 849.

3. As to the fifth and sixth exceptions. No evidence is furnished in support of the vouchers referred to in said exceptions. See *Haralson* v. *White, Executor*, 9 Geo. (38 Miss.) 178.

4. As to the seventh exception. In the case of *Stevens* v. *Gage*, 55 N. H., 175, cited by counsel for appellants, the sole question was whether the executor or administrator had exercised care and prudence in selecting the place of deposit. There was no unnecessary delay or dereliction of duty. Here there were many short comings.

Cooper, C. J., delivered the opinion of the Court.

This cause comes up on appeal and cross-appeal from the action of the court below on exceptions to the final account of the executors.

The first exception should not have been sustained. One of the executors testified that W. G. Stone, the debtor, " is insolvent ; " the objection that it cannot be inferred from this that he was insolvent at the time when collection of the debt should have been made, is too refined. The executor was giving his reason for not having collected the debt, or showing why it could not have been collected. The only fair inference is that the debtor has always been insolvent since the death of the testator. If the exceptants thought a different construction could

be fairly put on the language of the witness, they should have cross-examined him further.

The second exception should have been sustained. No inventory of the claims, which are now said to have been uncollectible, was filed until after the petition for final settlement had been presented to the court. The executors could not, by filing a statement that these claims were uncollectible, give to it the character of evidence. They should have introduced some evidence to show why the debts were not collected. The burden of proof is on them, and not on the distributees.

*Tell City Co.* v. *Stiles*, 60 Miss., 849.

The third exception was properly overruled. There is nothing in the record showing that the executors had not accounted for the interest therein referred to.

The fourth, fifth and sixth exceptions were properly overruled; the fifth and sixth are meaningless.

The seventh exception should have been sustained.

After the date of the loss of the funds, the executors reported that it was in their hands, and this account was allowed and passed by the court. It was conclusive against the executors.

There has been a decree of the court made on the facts as stated by them, and they cannot re-open it by now stating the facts to be different from those stated, to obtain the judgment on the annual account. *Crump* v. *Gerock*, 40 Miss., 765; *Johnson* v. *Miller*, 33 Miss., 553; *Effinger* v. *Richards*, 35 Miss., 540; *McFarlane* v. *Randle*, 41 Miss., 411.

*Reversed on appeal and cross-appeal and remanded.*