Miles F. McDonald, J.
This is an action to recover for services rendered hy plaintiff as a “ Clerk to Justice ”, to which title she was appointed by Hon. Harold J. McLaughlin, Judge of the Civil Court of the City of New York (formerly President-Justice of the Municipal Court of the City of New York).
The facts are not in dispute. On December 7, 1962, plaintiff was appointed by Judge McLaughlin to fill an existing vacancy *872 in the position involved. The pay rate was $3,805 per annum and plaintiff has received no compensation for services rendered since the date of her appointment.
The sole issue here is whether Judge McLaughlin, or for that matter any Judge of the Civil Court, may appoint a personal assistant under the authority of section 222 of the Judiciary Law.
There is general agreement that the right to make such appointment had resided in the Justices of the Municipal Court of the City of New York by virtue of the provisions of subdivision 9 of section 7-a of the former New York City Municipal Court Code. The latter code was repealed in its entirety and the Municipal Court was abolished as of September 1, 1962. (L. 1962, ch. 693; CCA, §§ 196, 200, renumbered §§ 2207 and 2300 by L. 1963, ch. 564.) Simultaneously therewith, the Justices of the Municipal Court were designated Judges of the successor Civil Court of the City of New York. (CCA, § 190; renumbered § 2201 by L. 1963, ch. 564.)
Former subdivision 9 of section 7-a was not carried over into the New York City Civil Court Act. Section 222 of the Judiciary Law, also effective September 1, 1962, was enacted as part of a series of legislative measures designed to give effect to the recent constitutional amendment creating a unified court system for the State. Section 222 reads as follows: “ Wherever, under the provisions of any law heretofore adopted, a judge or justice of the unified court system is authorised to appoint personal assistants to render to him legal or clerical services, the power of such judge or justice to make such appointments shall continue, notwithstanding the provisions of section two hundred fourteen of this chapter, in accordance with the standards and administrative policies adopted by the administrative board pursuant to the provisions of section two hundred twelve of this chapter and subject to the final determination of budgets by appropriating bodies as provided in section twenty-nine of article six of the constitution.” (Emphasis supplied.)
Concededly, no standards and administrative policies have been adopted by the Administrative Board with respect to personal assistants to Judges of the Civil Court. It also appears that the necessary provisions in the budget for the filling of such position were met by the Board of Estimate of the City of New York and that adequate funds have been allocated for the payment of plaintiff’s salary.
As noted, the only question presented for our consideration is whether section 222 confers the appointive power here *873 questioned. In this connection, we are called upon to determine whether the former Municipal Court Code, in general, and subdivision 9 of section 7-a thereof, in particular, shall be treated as ‘1 provisions of any law heretofore adopted ’ ’ within the intendment of section 222 of the Judiciary Law.
The city asserts that the quoted term refers only to a “ heretofore adopted ” law which has been continuously in effect. Pointing out that the “heretofore adopted” law (N. Y. City Mun. Ct. Code) was repealed, the city urges that the power of appointment conferred therein has not been continuously in effect and hence was not preserved by section 222. In other words, says the city, since section 7-a fell with the repeal of the Municipal Court Code, it does not qualify as a provision of any law “ heretofore adopted.”
Pursuing this theme further, the city maintains that the Civil Court is a new entity which came into existence with the creation of the unified court system and that a Judge of the Civil Court may not be deemed “ a judge or justice of the unified court system ’ ’ who had authority to appoint under the provisions of any law ‘ ‘ heretofore ’ ’ adopted. In the same vein, it argues that the words “ is authorized,” as employed in section 222, may not be taken to mean “was authorized ” or “has been authorized,” and that the use of the present tense includes the future and not the past.
I am not persuaded by the logic of any of these contentions for they appear to run counter to the plain intent of the statute. It is well settled that the language in a legislative-enactment will generally be construed according to its natural and most obvious sense, without resorting to artificial or forced construction (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 94). A fair reading of section 222 indicates that the Legislature, by providing for the continuance of the power of appointment in a Judge or Justice “ under the provisions of any law heretofore adopted,” intended to incorporate by reference the language of subdivision 9 of section 7-a of the former Municipal Court Code and thereby preserve the status quo in this highly personal and confidential area of judicial prerogative.
The city’s contention that a Judge of the Civil Court is not “ a judge or justice of the unified court system” within the contemplation of section 222 finds no support in the language of that provision or in the views expressed by the legislative committee sponsoring its enactment — which we may properly consider in the ascertainment of the legislative intent (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 125; Matter of Hamlin, 226 N. Y. 407, 414). The Report of the *874 Joint Legislative Committee on Court Reorganization, dated January 30, 1962 and entitled “Judicial Administration: Organization of the Unified Court System of the State of New York”, states in part (p. 6): “A judge who is authorized under existing law to appoint personal assistants to render to film legal or clerical services, will continue to have that power under the proposed appended legislation, subject only to the Administrative Board’s standards and policies and to the budgetary powers of appropriating bodies.” (Emphasis supplied.)
It cannot be gainsaid that section 7-a of the New York City Municipal Court Code was an “ existing law” when the committee rendered its report to the Legislature. The reference in such report to a Judge “who is authorized under existing law to appoint personal assistants ” would be meaningless if we were to hold, as the city contends, that it did not include, among others, Justices of the then existing Municipal Court. The expression “ any law heretofore adopted”, as used in section 222, must be equated and read in conjunction with the term ‘‘ existing law” as used in the committee report since both were presented to the Legislature in the same report and at the same time.
The argument that the phrase “ is authorized ” speaks only in futuro has no merit for it is preceded by the words “ under the provisions of any law heretofore adopted”, which, when read together, indicate that a past connotation was intended. In the context used, “ is authorized ” must be taken to mean “ was authorized ” or “ has been authorized.” (See People v. Baltimore & Ohio R. R. Co.,, 117 N. Y. 150, 158; Stack v. City of Brooklyn, 150 N. Y. 335, 342; Louisville So, R. R, Co, v. Lewis, 101 Ky. 296; Stone v. Morgan,, 65 Miss. 247; 48 C. J. S. p. 774.)
Legal niceties and semantics aside, we must not be unmindful that the new judiciary article of the Constitution, adopted by the People on November 7, 1961, abolished the Municipal Court of the City of New York and other courts within the City of New York. Implementing legislation was mandated by this constitutional amendment to insure that the Justices and nonjudicial personnel of the courts affected would continue uninterruptedly as Justices and employees in the unified court system.
With this underlying background, and for all the reasons previously stated, I believe the conclusion is fully warranted that the Legislature intended to invest Judges of the Civil Court with the same power formerly enjoyed by Justices of *875 the Municipal Court to appoint their confidential clerks. Any other conclusion would, in my opinion, do violence to the legislative intent lucidly expressed in section 222 of the Judiciary Law. Of course, such power of appointment is to be exercised in accordance with any standards and policies which may be adopted by the Administrative Board pursuant to the provisions of section 212 of the Judiciary Law. But until their adoption, the power of appointment is unrestricted. The judgment should be affirmed, without costs.