CASE 58—PETITION ORDINARY—NOVEMBER 19.

# Hayden, &c., v. Ortkeiss' Adm'r.

APPEAL FROM NELSON CIRCUIT COURT.

1. BILLS OF EXCEPTIONS.—If further time be given to tender a bill of exceptions, and the absence of the judge who presided at the trial prevents it being signed by him within the allotted time, then it should, in all cases, be certified by by-standers, and not by a judge who did not hear the trial.

Hayden, &c., v. Ortkeiss' Adm'r.

2. REVIVOR.—The death of the appellee before the time allowed for filing a bill of exceptions will not prejudice the appellant, if his bill be tendered within the time allowed, although there may have been no revivor.

JOHN D. WICKLIFFE FOR APPELLANTS.

The bill of exceptions can not be certified by by-standers if the judge who presided at the trial also presided when the motion for a new trial was overruled, although he may be absent at the time fixed for filing the bill. In such a case, it is proper for the judge who .may be presiding to spread the bill on the order-book. (13 Edward I, chapter 39; 1 Littell's Laws, 203; 1 Statute Laws, 246–7 (2 .Littell's Laws, 31); 1 Statute Laws, 248 (2 Littell's Laws, 402); 3 Littell's Laws, 40; Code of 1851, section 379; Code of 1854, section 867; Code of 1877, section 337; Dils v. Brown, 2 Ky. Law Rep., 214; 3 Dana, 446; 12 B. M., 129; Hardin, 166.)

J. C. WICKLIFFE FOR APPELLEE.

At the time the so-called bill of exceptions was filed, the death of appellee had been suggested, and there had been no revivor against his representatives. The order filing the bill was, therefore, void. (Davis' Adm'r v. Goggin's Adm'r, 4 Ky. Law Rep., 723.)

.JUDGE HOLT DELIVERED THE OPINION OF THE COURT.

The appellant, R. B. Hayden, after his motion for a new trial had been overruled, obtained leave until and including the fourth day of the succeeding term of court to tender a bill of exceptions. The adverse party died before the beginning of the next term, and this was suggested on the second day of the term, and before any bill had been tendered. Upon the same day, however, the appellant tendered a bill and moved to have it signed and made part of the record. He also entered a motion to revive the action in the names of the widow and heirs of his deceased adversary. The regular judge, who had presided at the trial, and had refused to grant another, was not in attendance or holding the court; and the special presiding judge declined to make

any order in the case because he was the adminis-
trator of the deceased.  Upon the fourth day of the
term another special judge was elected in this case,
and the motion to sign and make the bill of excep-
tions a part of the record was renewed before him ;
but he declined to sign it, because the case had been
tried before the regular judge, and simply ordered
the bill to be entered upon the record book.  Upon
a subsequent day of the term the cause was, upon
the petition of the widow and heirs of the deceased
party, who had been the plaintiff, revived ; and they
then moved to set aside all the orders that had been
made in the cause from the time when the plaintiff's
death was suggested until the revivor of the action.
This motion was overruled, and it is now insisted for
the appellees that there is no bill of exceptions ;
that therefore the record does not exhibit the in-
structions that were given or refused or the evi-
dence in the cause, and the judgment must be
affirmed.  The appellant, however, claims that he
did all that was required of him, and that he
ought not to be prejudiced or prevented from tak-
ing an appeal by the death of his adversary or the
absence of the judge who tried the case.

The death of a party, which might occur upon
the day before the last one given within which to
tender a bill of exceptions, should not be allowed
to prejudice the adverse party, provided he in fact
tenders his bill within the time allowed, and thus
does all that is required of him.  It is true that
there is but one party then in court ; but wrong will
be guarded against by the judge, whose duty it is to

see that a correct bill is signed and made a part of the record ; or, in case another is presiding who can not act, by the course hereinafter indicated.

The object of the bill is to present to the appellate court a correct statement of the evidence and action of the lower court. Reason, therefore, as well as the policy of the law, dictates that it should be certified by the judge who presided at the trial, or by some one who heard it.

Subsection 5 of section 337 of the Civil Code provides: "If the judge who presided at the trial do not preside when a motion for a new trial is overruled, the bill of exceptions may be certified by by-standers, and be controverted and maintained, pursuant to the provisions of subsections 3 and 4 of this section."

If this section, when properly construed, does not provide for a case like the one now under consideration, and is to be limited, as the literal words seem to provide, to a case where the judge who presided at the trial does not act upon the motion for a new trial, then in case time is given until a subsequent term to present a bill of exceptions, and the judge who presided at the trial and overruled the motion for a new one is not present at the next term, the party is remediless. In our opinion the word "is," in the section supra, was intended as equivalent to the words "has been," and that if further time be given to tender the bill, and the absence of the judge who presided at the trial prevents it being signed by him within the allotted time, then it should be certified by by-standers,.

whether the motion for a new trial was overruled by the judge who presided at the trial, or has been by reason, for instance, of his death, overruled by a special judge subsequently presiding in the case.

Conceding, however, that there is a proper bill of exceptions in the record, yet the instructions given to the jury were as, if not more, favorable to the appellant than was proper.

They adopted the line from figure 2 to A in the Liver's plat, and which was fixed by the procession-ers, instead of that from 2 to 3, the latter evidently being the true line of the Myers patent, and limited the right of the plaintiff to recover to a possessory title based upon his alleged actual adverse posses-sion of the land for fifteen years prior to the de-fendant's entry upon it; and if what purports to be a bill of exceptions could be considered, it appears that the testimony upon this question of fact was conflicting, and that the verdict ought not therefore to be disturbed.

Judgment affirmed.