Case 47—PETITION ORDINARY—November 14.

# McFarland, &c., v. Burton.

APPEAL FROM DAVEISS CIRCUIT COURT.

1. Signing of Bill of Exceptions by Special Judge.—Where a special judge who has presided on the trial of a case extends the time for filing bill of exceptions to a day in the succeeding term, but when that day arrives is not present, the appellant, having tendered his bill, is entitled to have the offer to file continued to the next term, and when that term arrives to have the bill signed by the special judge and filed. The amendment of May 12, 1886, to section 334 of the Code, applies as well to special judges as to regular judges.

2. Statute Applied to Case Tried Before its Enactment.—A statute extending the time for filing bills of exceptions being purely remedial in its character, applies as well to a case tried before as after its passage, the law being in force before the day for filing.

3. Failure of Clerk to Issue Execution—Loss of Record.—A clerk can not say as a defense to an action charging him with a breach of official duty as to the custody of a record that it was taken from the office without his knowledge or consent, unless coupled with the averment of diligence on his part, and that within a reasonable time he made diligent search for it and was unable to find it. Nor does the statement that it was the custom to permit attorneys to take records from the office, and impossible to prevent it, constitute any defense. The clerk must exercise such diligence in the safe-keeping of records as a prudent man would exercise when intrusted with the custody of such valuable papers.

   In an action against a clerk to recover damages for his failure to issue an execution when ordered by plaintiff's attorneys, a mere averment by the defendant that the papers were lost, and that, therefore, the cost could not be taxed or the execution issued, is not a sufficient defense.

4. Same.—As there was testimony tending to show that the attorney for

McFarland, &c., v. Burton.

plaintiff had the custody or possession of the lost record when the execution was ordered to be issued, the defendant should have been allowed to file an amended answer relying upon that fact, as it constituted a good defense.

5. REVERSIBLE ERRORS—NEW TRIAL.—There can be no reversal for an error of the court in setting aside a former verdict which was in favor of appellants, no appeal having been asked or granted from the judgment setting aside that verdict.

W. N. & J. J. SWEENEY FOR APPELLANTS.

1. The direction to the clerk to issue execution was not sufficiently definite to make him liable.

2. The jury having found that the clerk was not negligent, the action failed. While it is the duty of the clerk to keep safely and securely the records of his office, his liability stops when he has exercised the proper degree of care. He is liable only for loss resulting from his *negligence.*

3. The clerk being unable to tax the cost, it was not his duty to issue execution for the debt and interest, omitting the cost. Such an execution would have been irregular, and, therefore, a nullity. (Bartlett v. Pentland, 1 B. & A., 704; Atkinson v. Gatcher, 23 Ark., 101; Read v. Mackle, 3 John., 523; Clerk v. Clement, C. T. R., 525.)

4. The measure of recovery is the loss to appellees of the amount that would have been made by the execution, and not the loss of recourse or the loss of liens, except as it had been averred and proved that the clerk was aware of the fact that the judgment had been recovered on an assigned note, and that there were liens on land for it.

G. W. WILLIAMS & SON ON SAME SIDE.

1. As to the duties of clerks in the matters of issuing executions and the preservation of records, see Gen. Stats., chap. 26, sec. 24; *Id.,* chap. 16, art. 1, secs. 5, 6; *Id.,* chap. 16, art. 1, secs. 1, 2, 11.

2. Clerks and like officers are liable on their bonds for acts of *negligent* commission or omission to persons suffering injury thereby. (Shearman & Redfield on Negligence, pp. 328-331.)

But the mere fact of injury having been suffered is not enough to establish negligence. (*Id.,* p. 3.)

Negligence is a mixed question of law and fact. (1 Hilliard on Torts, p. 116, sec. 40.)

3. The fact that the papers of the suit had been abstracted from the clerk's office, so that the clerk could not tax the cost, and that as soon as he discovered that fact he notified appellee's attorneys, was a sufficient excuse for the failure to issue execution. (Mitchuson v. Foster, 3 Met., 324; 2 Hilliard on Torts, p. 201.)

4. If it was impossible for the clerk to issue the execution as directed,

he can not be held responsible for failing to issue it in a different and illegal form.

5. Appellants were entitled to judgment upon the findings of the jury.

6. The court erred in rejecting the amended answer pleading contributory negligence.

LITTLE & SLACK for appellee.

1. The bill of exceptions was not filed in time. The bill being tendered at the proper time, but in the absence of the judge who presided, should have been signed by by-standers. (Hayden v. Ortkeiss, 7 Ky. Law Rep., 399.)

The amendment of May 12, 1886, to section 334 of the Code was not passed until after the motion for new trial was overruled, and, therefore, has no application to the case at bar.

. But even if that amendment applies, it provides for a state of case where the judge who presides at the trial is not present at the *term* of court to which leave was given to file the bill. It is not sufficient that he was absent on the day to which the time was extended.

2. The fact that the record was not in the clerk's office does not excuse the failure of the clerk to issue execution, as it does not appear that appellees or their attorneys were responsible for the absence of the record.

Moreover, if the record was out, it was the duty of the clerk to issue execution for the judgment, exclusive of costs.

3. As the verdict of November, 1882, was set aside, and no appeal was asked or prosecuted from the judgment setting aside that verdict, it can not be considered upon this appeal.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

In this case there was a trial by jury, and the preliminary question raised by the appellee is, that what purports to be a bill of exceptions can not be considered. Section 334 of Carroll's Code provides: "And time may be given to prepare a bill of exceptions, but not beyond a day in the succeeding term to be fixed by the court." By an amendment of May 12, 1886, that section is amended so as to read as follows: "If the judge of said court, for any cause, does not preside at the said term of the court, or no court

is held, then the party offering the bill of exceptions shall have until the next term of the court to perfect and prepare the bill of exceptions.''

The special judge presiding gave until the sixth day of the succeding term to file the bill of exceptions, and on the day named the bill was tendered and offered to be filed, but the judge then presiding was not the judge who tried the case; nor was the special judge present who presided when the trial was had. The appellant was, therefore, without remedy, unless the amendment of May 12, 1886, entitled him to file his bill at the next term. Prior to this amendment, as was said in Hayden v. Ortkeiss, 83 Ky., 396, the appellant might resort to a signing of the bill by by-standers; but the difficulty in obtaining the signatures of those who heard the trial, no doubt, suggested itself to the Legislature, and the amendment to this provision of the Code was passed in the session of 1886, enabling parties to reach this court by an appeal based upon exceptions where the trial judge fails to attend at the term when the bill is to be filed, or for some reason can not preside. In that event the party offering the bill shall have until the next term to file it. So when the appellant tendered his bill on the day fixed by the special judge who had tried the case, he found a judge on the bench unacquainted with the conduct of the trial, and having done all that was required of him, the offer to file was continued until the next term, when the special judge trying the case being present, signed the bill that was then filed, and is now a part of the record. It is now insisted that the amendment of May 12, 1886, does not apply to a special judge, but to the regular judge, and

that when the appellant tendered his bill of exceptions at the term following the trial of his case he should have had by-standers to sign the bill, and then tender it to the court.

The difficulty in having a bill of evidence attested at such a late day by by-standers will be readily perceived, and if the amendment is so construed as to make it apply to the regular judge only, this evil in the practice sought to be remedied must still continue.

A special judge, selected in the manner provided by the statute to try a case, is the judge of the court in the meaning of the amendment, and invested with all the powers of the regularly elected judge in the particular case, and this power and authority continues until the trial is ended. When, then, is the case in contemplation of law finally disposed of, in so far as it affects the right of the special judge to hear and determine it? If a trial is had, it is the duty of the special judge presiding to hear and make a final disposition of the case in the court below. Where there is a mistrial, or the case continued, in either event, the judge, when abdicating the bench, loses all power over it, and when called at a subsequent term it must be heard by the regular judge, if he can properly preside, and if not, a special judge must again be chosen. If a special judge has the power (and this will not be questioned) to fix a day at the succeeding term of the court to prepare and file the bill of evidence, his authority or right to preside extends over the case until prepared for an appeal to this court, and if otherwise, the unsuccessful party is left without a judge to sign the bill, or to determine the truth of

what it contains. There is no refusal on the part of the special judge to sign the bill, but his absence prevents the party from doing more than to offer to file it on the day the special judge has said it should be filed. Although the amended act was passed after the trial, it was in force before the day for filing, and being purely remedial in its character, applies as well to a case tried before as after its passage, the remedy existing when the offer to file was made. In our opinion, therefore, the bill of evidence was properly signed by the special judge, and must be considered by this court.

The appellee is seeking to make the clerk liable for his failure to issue an execution when directed by his attorney, and the defense is, that the record was lost, so that the cost could not be taxed and the execution issued. There was more than one trial in this case, and while the answers to interrogatories propounded to the jury on the first trial might have warranted a judgment for the defendant, still no appeal was asked for or granted from that trial which might have been considered on the final hearing. The case must now be determined alone by what transpired during the progress of the trial resulting in the judgment complained of.

A clerk is not an insurer of the records in his office, and would be released from liability by the wanton destruction of the office and its contents when not within his power to prevent it, or from discharging a duty by reason of the act of others over whom he had no control, and whose action he could not prevent; still, having the custody of records in which

the entire public has an interest, and of such great value as can not well be estimated, he must exercise a high degree of diligence in their preservation and safe-keeping—such diligence as a prudent man would exercise when intrusted with the custody of such valuable papers.

It is no defense to an action charging a clerk with a breach of official duty as to the custody of a record to say that it was taken from his office without his knowledge or consent, unless coupled with the averment of diligence on his part, and that, within a reasonable time, he had made diligent search for it, and was unable to find it. The statement that it was the custom to permit attorneys to take records from the office, and impossible to prevent it, constitutes no defense whatever. It is the duty of the clerk to prevent this, and such a custom as permits records to be taken from the office by parties in interest, or others, instead of relieving the clerk from liability, fixes his responsibility for the damages sustained. It is the duty of the clerk to issue executions when ordered by the attorneys, and in this case an entry was made by the attorneys to issue the execution at once, and failing to do so, and the appellee losing his debt thereby, the clerk is responsible, unless he has some valid defense.

It is not pretended that the reasonable discharge of other duties prevented the execution from being issued in proper time, but the defense is, that the record was lost, and the attorney so notified as soon as, or in a day or two after, the order to issue the execution was made. Now, if abstracted by some one or lost without the

fault of the clerk, and such facts should be alleged, the excuse might be deemed sufficient, but facts must be stated showing a proper degree of diligence in the preservation of such papers. It is made the duty of the clerk, by statute, to tax the costs, and include them in the execution, that the entire debt and cost may be made, and if he fails to do so, to the extent of this failure he is responsible for the damages sustained. This taxation could not well be made without the papers in the case. A mere statement that the papers are lost, and, therefore, the costs could not be included or the execution issued, is not a sufficient response. The court must know the diligence the clerk exercised in preserving the record, and that the fault or loss could not have been the result of his own negligence.

There is testimony in the case conducing to show that the attorneys for the plaintiff in the judgment upon which the execution issued had the custody or possession of the record that was said to be lost at the time the execution was directed to be issued, and during the progress of the trial the appellant offered to file an amended answer alleging that fact, and relying upon it as a defense to the action. The court refused to permit the amendment to be filed, and in doing so the court erred. If the plaintiff or his attorneys had taken the records from the office, and thus prevented the clerk from taxing the costs, so as to issue the execution, the fault is theirs, and not the neglect of the clerk; or, if negligence on the part of the clerk in permitting the record to be taken from his office by the plaintiff or his attor-

ney, it was equally the negligence of the plaintiff or his attorney in not returning it, and such neglect as caused the loss, and for which the clerk should not be held responsible. An instruction should have been given to that effect, and the amended answer permitted to be filed, and instruction C, that was in effect an instruction to find for the plaintiff, should have been refused.

The judgment below is reversed, and cause remanded with directions to award a new trial, and for proceedings consistent with this opinion.