CASE 51—PETITION—MAY 20.

# Louisville Southern Railroad Company's Receivers v. Lewis.

APPEAL FROM JEFFERSON CIRCUIT COURT, LAW AND EQUITY DIVISION.

1. PRACTICE IN CIVIL CASES—BILL OF EXCEPTIONS.—Under the amendment of February 27, 1878, to sub-section 2, of section 337, of the Civil Code, a bill of exceptions tendered at any time during the term at which the judgment becomes final is in time.

2. SAME.—If a trial is had before a special judge, and the bill of exceptions is signed by the regular judge, it will be stricken from the record in this court, upon motion; and the failure of the appellee to object and except to the action of the regular judge in signing the bill of exceptions does not waive his right to object to it in this court.

3. PRACTICE IN COURT OF APPEALS.—This court will not reverse for an error in giving or refusing instructions, unless all the instructions are included in the bill of exceptions or identified by an order of court.

HUMPHREY & DAVIE FOR APPELLANTS.

1. Where the plaintiff specifies the negligence complained of he will be held to the specifications, and the specification of the particular negligence will control general words in the petition alleging negligence generally. In the pleading in this case there was no complaint because there was not a flagman at the crossing or a gate at the crossing, and yet the instructions authorized a finding on that account.

2. The instruction authorizing the jury to find for the plaintiff notwithstanding his contributory negligence, if the defendant's agents after discovery of plaintiff's danger were guilty of negligence in not trying to prevent the injury, is an improper and confusing one at any time, and particularly in a case of this sort where there was no evidence upon which to base it. Thompson on Negligence, vol. 2, pp. 1154 and 1155.

3. There was no evidence of gross negligence in this case at all, upon which to base an instruction authorizing punitive damages;

and if there had been, there was no pretense of any reckless, willful, or malicious conduct upon the part of the defendant's employes, which is necessary to authorize such punitive damages. McHenry Coal Co. v. Snedden, 98 Ky., 684; Milwaukee R. R. Co. v. Arms 91, U. S., 493; Chiles v. Drake, 2 Met., 151; Jennings v. Maddicks, 8 B. M., 438; Parker v. Jenkins, 3 Bush, 587; Kentucky Central R. R. Co. v. Dills, 4 Bush, 595; Jacob's Adm'r. v. L. & N. R. R., 10 Bush, 273; L. & N. R. R. v. Brooks, 83 Ky., 139; L. & N. R. v. Ballard, 85 Ky., 311; L. & N. R. R. v. Roberts, 10 Ky. Law Rept., 528; Shearman & Redfield on negligence, 8th Edition, sec. 368; L. & N. R. R. v. Collins, 2 Duvall, 118; L. & N. R. R. v. Raines, 15 Ky. Law Rept., 423.

4. Whatever may have been the rule before the recent revision of the statutes, or before the new Constitution, under their present provisions the regular judge holds the court and performs the functions of the court; (sec. 136 of the Kentucky Constitution, sec. 1029 of the Kentucky Statutes), and if this is not true the plaintiff waived the signing of the bill by the regular judge of the court by failing to object and except, and he will not be heard to object in this court for the first time. Amer. & Eng. Enc. of Law, vol. 3, pp. 106 and 107; Vanderveer v. Vanderveer, 3 Met., 137; Owings v. Owings, Hardin's Ky. Rept. Vincent v. Lockhart, 7 Bush, 458.

PIRTLE & TRABUE OF COUNSEL ON SAME SIDE.

H. D. NEWCOMB AND PHELPS & THUM FOR APPELLEES.

1. The bill of exceptions was not signed by the special judge, who sat upon the trial of the case, but by the regular judge, and is therefore invalid, and not properly a part of the record. Second Amer. & Eng. Enc. of Law, p. 221.

2. The defendants themselves offered instructions in reference to the absence of a flagman, watchman, or light at the crossing, and a party who offers instructions is bound by the conditions made in those instructions.

3. The definition of gross negligence in the instruction is correct: but if it was a wrong definition it is manifest that the defendants have not been injured, since the facts show that no punitive damages are included in the verdict.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellee brought suit against the appellants for dam-

ages for injuries claimed to have been caused to him by the gross negligence of appellants, alleging that he was riding in a carriage toward the city of Louisville upon the Third street boulevard, and was run down and injured by a train of cars running backward across the boulevard upon the tracks of the Louisville Southern R. R. Co.; that no signal or warning was given of the approach of the train, no light placed upon the rear end thereof, and no notice whatever given of its approach, although running after night across a public highway within the city, at a point much frequented by passengers on horseback, on foot and in carriages.

Trial was had before a special judge, which resulted in a verdict and judgment in favor of appellee for $858.33. A motion for new trial was made before the special judge, who presided at the trial, and overruled, and time was given within the sixty day term in which to prepare and tender a bill of exceptions. Two weeks after that time had expired an extension was given of the time within which to tender the bill of exceptions. A week after that extension had expired, but still within the term, appellants tendered their bill of exceptions.

The amendment of February 27, 1878, altering the language of sub-section 2 of section 337 of the Code appears to give an appellant the right to prepare and tender his bill of exceptions at any time during the term at which the judgment becomes final. Before that amendment, the language of the second sentence of the sub-section was: "At the close of the trial the party excepting shall, unless further time be given him, prepare his bill of exceptions." In Scott v. Burrows, 13 Bush, 452, this language was construed

to mean that the party excepting shall reduce his exceptions to writing, or ask an extension of time some time during the day on which the trial terminates, or the judgment becomes final. The amendment makes the sentence read: "During the term at which the judgment becomes final, the party excepting shall," etc. The bill seems, therefore, to have been tendered in time. (Black v. Kaiser, 91 Ky., 424.)

But it was tendered to and signed by the regular judge of the law and equity division of the Jefferson Circuit Court. A motion to strike the bill from the record was made in this court, and submitted with the case in chief, upon the ground that the bill should have been signed by the special judge, who presided at the trial, and not by the regular judge. Counsel for appellants rely upon section 136 of the new Constitution, requiring the general assembly to "provide by law for holding circuit courts when, for any cause, the regular judge shall fail to attend; or, if in attendance, can not properly preside." They rely also upon section 1029 of the Kentucky Statutes, providing that "when, for any cause, the judge presiding over a branch of such court fails to attend," a judge presiding over any other branch may attend and hold said court for the occasion; and if no judge presiding over any other branch of such court attends, the attorneys in said court in attendance thereon "shall elect one of their number having the qualifications of a circuit judge to hold court for the occasion. The section of the Constitution is substantially the same as section 28 of article 4 of the old Constitution, and the concluding provision of section 1029 of the Kentucky Statutes is in substance the same as chapter 28, article 7, section 1, General Statutes.

A number of authorities from the courts of other States have been relied on in the brief for appellants; but we regard the question as no longer open in this State.

In Hayden v. Ortkeiss, 83 Ky., 396, a case arose almost exactly similar to the present case, with the exception that, in that case, the regular judge presided on the trial and overruled the motion for new trial, and the bill of exceptions was tendered to a special judge. In that case Judge Holt, delivering the opinion, said: "The object of the bill is to present to the appellate court a correct statement of the evidence and action of the lower court. Reason, therefore, as well as the policy of the law, dictates that it should be certified by the judge who presided at the trial, or by some one who heard it."

Sub-section 5 of section 337 of the Civil Code provides: "If the judge who presided at the trial do not preside when a motion for a new trial is overruled, the bill of exceptions may be certified by bystanders, and be controverted and maintained, pursuant to the provisions of sub-sections 3 and 4 of this section."

If this section, when properly construed, does not provide for a case like the one now under consideration, and is to be limited, as the literal words seem to provide, to a case where the judge who presided at the trial does not act upon the motion for a new trial, then in case time is given until a subsequent term to present a bill of exceptions, and the judge who presided at the trial and overruled the motion for a new one is not present at the next term, the party is remediless. In our opinion the word "is," in the section *supra* was intended as equivalent to the words "has been,"

and that if further time be given to tender the bill, and the absence of the judge who presided at the trial prevents it being signed by him within the allotted time, then it should be certified by bystanders, whether the motion for a new trial was overruled by the judge who presided at the trial, or has been by reason, for instance, of his death, overruled by a special judge subsequently presiding in the case.

We regard this case as decisive of the cause at bar. The recent revision of the statutes in this behalf does not change the substance of the former statute, for, in the section referred to in the General Statutes, under which the case above cited was decided, it was provided that the parties by agreement may select one of the attorneys of the court to preside on the trial "and hold the court for the occasion;" and in the event that an election was required to be held, it was provided that the attorneys of the court might "elect an attorney of the court then in attendance, having the qualifications of a circuit judge, to hold the court for the occasion, who shall preside accordingly."

Nor can we concur with the contention of counsel that there was a waiver by the plaintiff of any objection to the regular judge acting in the matter and signing the bill of exceptions, and that the failure to object and except to his action in that behalf bars appellee's right to make such objection in this court. While we regard it as immaterial that the bill was not presented within the time which appellants themselves asked to prepare and tender it, the appellee was not bound to see that appellants' appeal was properly prosecuted, or that their bill of exceptions was in due form. The burden of all proceedings for the purpose of bringing the

decision of the trial court to this court for revision was upon the appellants.    Appellee was not bound to object or except to any irregularity in these proceedings.    He had the right, if he chose, to rely upon the presumption, that the trial judge would not sign a bill of exceptions which did not correctly state the evidence.

We think, therefore, that the motion to strike from the record the bill of exceptions must be sustained.    The instructions which were given by the court upon the trial were not included in the bill of exceptions, but by agreement of parties by counsel a copy thereof was filed and made part of the record in this court.    But it has been held that all the instructions must be considered together, in determining whether or not the court erred in giving particular instructions; and that no reversal can be had for error in giving or refusing instructions, unless all the instructions are included in the bill of exceptions, or identified by order of court. (Lancaster v. Turpin, 8 Ky. Law Rep., 430; L. & N. R. R. Co. v. Finn, 16 Ky. Law Rep., 31.)

However much this court may dissent from the instructions which were given, considered as abstract statements of legal propositions, we can not undertake to say, in the absence of the evidence, that giving them to the jury was error to the prejudice of the substantial rights of appellants.

The pleadings support the judgment, which must, therefore, be affirmed.