## County Board of Education of Mercer County, Ky. v. Rankin.

(Decided January 5, 1911.)

### Appeal from Mercer Circuit Court.

1.  Bill of Exceptions—Bystanders' Bill—Death of Judge—Statutes—Construction.—Section 337, sub-section 5, Civil Code, should be construed to authorize a bystanders' bill, when the judge who presided at the trial died after hearing a motion for a new trial, but before the time for settlement and filing of a bill of exceptions, since under such circumstances the bill could not be signed by the judge's successor.

2.  Bill of Exceptions—Mode of Inserting Transcript.—Kentucky Statutes, section 4639, provides that the transcript may be used in making up a bill of exceptions, and section 4644 declares that a transcript when attested by the judge before whom the trial was had may be taken without being copied to the Court of Appeals to be used on such appeal. Held, that since section 4644 was only intended to save the cost of copying the transcript where the transcript is made a part of the bill of exceptions, "the same as if copied therein," and has been approved by the judge presiding when the bill was filed the statute shall be regarded as having been substantially complied with, and the transcript may

be used on appeal without having been copied into the bill of ex-
ceptions.

E. H. GAITHER for appellant.

W. L. WHITTINGHILL and GREENE, VAN WINKLE & SCHOOL-
FIELD for appellee.

OPINION BY CHIEF JUSTICE HOBSON OVERRULING MO-
TION TO STRIKE THE STENOGRAPHER'S TRANSCRIPT OF EVI-
DENCE FROM THE FILES.

This case was tried in the Mercer Circuit Court at
its May term, 1910, before Hon. M. C. Saufley as circuit
judge. Time was then given to the next term to prepare
a bill of exceptions. Before that term was held the cir-
cuit judge died. By section 337, sub-section 5, of the
Civil Code, if the judge who presided at the trial does
not "preside when a motion for new trial is overruled,"
the bill of exceptions may be certified by bystanders.
A motion for new trial was overruled by Judge Saufley
at the May term. At the next term a bill of exceptions
certified by bystanders with a transcript of the evidence
was filed, and a motion has been made to strike out the
transcript of evidence. The circuit judge who was the
successor of Judge Saufley could not sign the bill of ex-
ceptions, as he had not presided at the trial; and as
Judge Saufley was dead, if a bystanders' bill could not
be filed, the appellant was without remedy. While the
language of the Code is that a bystanders' bill may be
filed when the judge who presided at the trial does not
"preside when a motion for a new trial is overruled,"
the evident meaning of it is that the bystanders' bill may
be used if he does not preside at the time when the bill
of exceptions is to be filed. Ordinarily bills of excep-
tions were filed when the motion for new trial was over-
ruled; or, if the time was extended, they were treated
as then filed, if filed within the time allowed; and so the
language of the Code was used. But the meaning of it
is that a bystanders bill may be filed in a case like this
where the circuit judge is dead. (Hayden v. Ortkeiss,
83 Ky., 396.)

It is insisted that the stenographer's transcript of
the evidence can not be considered although it is certi-
fied by the stenographer and approved by the circuit
judge who succeeded Judge Saufley. The transcript is
made a part of the bill of exceptions "the same as if

copied therein.'' Section 4639, Kentucky Statutes, provides that the transcript may be used in making up the bill of exceptions; and as this transcript is made a part of the bill of exceptions which is duly certified, it is properly a part of the record. Section 4644, Kentucky Statutes, provides that a transcript when attested by the judge before whom the trial was had, may be taken without being copied to the Court of Appeals to be used upon an appeal. But the purpose of this provision is only to save the cost of copying the transcript, and when the transcript, as here, is made a part of the bill of exceptions, and is approved by the circuit judge who presided when the bill of exceptions was filed, the statute must be regarded as substantially complied with. The purpose of section 4644 is simply to secure a proper identification of the paper; the transcript here is identified not only by the certificate of the stenographer, and the circuit judge, but is made a part of the bill of exceptions. It was not contemplated that in cases like this, the transcript of the evidence should be copied by the clerk. The aim of the act was to relieve litigants of this cost.

The motion to strike out the bill of exceptions and transcript of the evidence is overruled.