## Clark v. Wallace Oil Company.

(Decided November 19, 1913).

### Appeal from Lee Circuit Court.

1. Appeal—Bill of Exceptions—Sufficiency of Pleadings.—In the absence of a bill of exceptions, the only question to be determined on appeal is whether or not the pleadings support the verdict.

2. Corporations—Directors—Agreement to Use Fund in Bank to Discharge Contract—Diversion of Fund to Payment of Other Debts—Individual Liability of Directors.—The directors of a corporation who contract with plaintiff to dig an oil well and agree that the corporation will place in a certain bank a sum sufficient to pay therefor, and that the fund shall not be used for any other purpose, incur no individual liability to plaintiff where the fund is not impressed with a trust or lien in his favor and is used in paying other debts of the corporation.

3. Corporations—Directors—Liability of.—Section 549, Kentucky Statutes—Pleading—Sufficiency.—In an action by a contractor against the directors of a corporation to hold them individually liable on the contract, pleadings examined and held insufficient to show liability under Section 549, Kentucky Statutes, making the directors of a corporation liable for knowingly causing to be published a false statement or report of the condition of the business of the corporation.

4. Pleading—Motion to Strike—Error.—In an action by a contractor against the individual directors of a corporation, it is not error to strike from the petition and amended petition certain portions thereof which are wholly insufficient to show liability.

JNO. D. ATKINSON for appellant.

WALLACE & HARRISS for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The Wallace Oil Company is a corporation organized under the laws of the State of Kentucky. Its directors are Robert Wallace, Sam Hurst, Chester Gourley, James P. Sizemore and Sam Darch. In the year 1906 plaintiff, H. W. Clark, entered into a contract with the corporation to drill an oil well on certain property leased to and in possession of the corporation. The cost of the work under the contract amounted to $1,398.20, of which sum only $700 was paid to the plaintiff.

Plaintiff brought this action against the corporation and its directors to recover the balance due. After setting out the contract and its performance, he alleged in substance that the directors, in violation of the contract, permitted and allowed the defendant, Robert Wallace, the president of the corporation, to use, appropriate and expend the funds in the hands of the corporation appropriated for the purpose of paying the plaintiff for the labor performed by him under the contract for other purposes than paying the plaintiff, when it was particularly agreed that the funds in the hands of the corporation

should be first applied to the payment of labor performed by plaintiff under the contract, and by reason thereof each of the directors became personally liable to plaintiff for the amount of his debt and interest. The directors demurred to the petition and the demurrer was sustained. Thereafter plaintiff amended his petition and alleged in substance that the directors agreed as a part of the contract to pay plaintiff for drilling the well, and for the purpose of making said payment they agreed to place or cause the corporation to place in the National Bank of Beattyville, Kentucky, an amount sufficient to pay for drilling the well under the contract. Before the work was begun the directors did place said sum in said bank for said purpose, and informed plaintiff that they had done so, and that the money was to be used for no other purpose than to pay plaintiff. Thereafter the directors diverted the fund from the purpose for which it was deposited, and, using it for other purposes, became individually liable to plaintiff for the amount of his debt.

On motion of defendants, that part of the original petition and of the amended petition relating to the fact that the directors represented that they had placed in the bank a sum sufficient to pay for the drilling of the well, and that this sum should be used for no other purpose, and that they had violated their agreement by diverting the fund to the payment of other debts, was stricken out. The defendants then answered and denied that they themselves had individually agreed to pay for the drilling of the well. The case was then submitted to a jury, and at the conclusion of plaintiff's evidence the court directed a verdict in favor of defendants. Plaintiff's motion and grounds for a new trial were overruled. He was then given until the 4th day of the next term of the court to prepare and present his bill of exceptions. The bill of exceptions was not tendered until the 9th day of the November term of court. For this reason the court refused to permit the bill of exceptions to be filed and made a part of the record, but ordered same to be marked tendered.

The bill of exceptions not being tendered in time, the court did not err in refusing to permit it to be filed and made a part of the record. There being no bill of exceptions in the record, the sole question to be determined on this appeal is whether or not the pleadings sustain the judgment. Martin v. Richardson, 94 Ky., 183, 21 S. W., 1039; Gilbert v. Bamberger, 19 Ky. L. Rep., 1835; Har-

low v. Supreme Lodge, 23 Ky. L. Rep., 457; Southern
Ry. v. Thurman, 25 Ky. L. Rep., 805. After defendants'
motion to strike was sustained, the only issue left in the
pleadings was whether or not the defendants, in their
individual capacity, contracted with plaintiff. There
being an allegation to this effect in the petition, and a
denial by the defendants, it is manifest that so far as
that issue was concerned the pleadings were sufficient to
sustain the verdict. Plaintiff, however, insists that the
court erred in sustaining the motion to strike. Whether
or not the directors of the corporation would be liable
for a diversion of a trust fund dedicated and set apart
for the purpose of paying a particular debt is a question
which we deem it unnecessary to decide. In this case it
is sufficient to say that neither the allegations of the
petition nor the amended petition show that the fund in
controversy was impressed with a trust in favor of plain-
tiff. All that is alleged is that the defendant agreed to
place in the bank, and did place in the bank, a sum suf-
ficient to pay plaintiff's claim, and that the fund so
placed in the bank was diverted to the payment of other
debts, in violation of the agreement. No particular sum
was set aside for plaintiff or segregated from the rest
of the funds of the corporation. Reduced to its final an-
alysis, plaintiff's case comes to this: The directors agreed
to place in bank a sum sufficient to pay plaintiff. They
did place this sum in bank, but used it for the purpose of
paying other debts. The fund not being impressed with
a trust in favor of plaintiff, or secured in any way so as
to give plaintiff a lien thereon, the directors had the right
to use it for the payment of other debts of the corpora-
tion, and their action in so doing did not make them in-
dividually liable to plaintiff, although they may have
agreed that the fund in bank should be used for no other
purpose than the payment of plaintiff's debt. Had they
used it all for the payment of plaintiff's debt to the ex-
clusion of the other creditors, this would have amounted
to an unauthorized preference in favor of plaintiff. But
counsel for plaintiff contend that defendants are liable
under section 549, Kentucky Statutes, which is as fol-
lows:

"If the directors or officers of any corporation shall
knowingly cause to be published or given out any state-
ment or report of the condition or business of the cor-
poration that is false in any material respect, the officers
and directors causing such report or statement to be pub-

lished or given out, or assenting thereto, shall be jointly and severally individually liable for any loss or damage resulting therefrom.''

In answer to this contention it is only necessary to say that the pleadings contain no allegations sufficient to bring the case within the statute.

It follows that those portions of the petition and the amended petition which were stricken out by the trial court on defendants' motion were wholly insufficient to show personal liability on the part of defendants. That being true the court did not err to plaintiff's prejudice in sustaining the motion to strike.

Being of the opinion that the pleadings are sufficient to sustain the judgment, it follows that the judgment should be affirmed, and it is so ordered.