## Sandy Valley & Elkhorn Railway Company v. Moore.

(Decided April 20, 1917.)

### Appeal from Pike Circuit Court.

1. Exceptions, Bill of—Approval by Judge Who Did Not Preside at the Trial—Effect.—A judge who did not preside at the trial has no power to sign and approve the bill of exceptions.
2. Exceptions, Bill of—Approval—Power of Judge Whose Term Has Expired.—A regular judge who presided at the trial is without power to sign and approve a bill of exceptions after his term of office has expired.
3. Exceptions, Bill of—Motion to Strike—When Sustained.—When neither the regular judge who presided at the trial nor his successor in office has the power to sign and approve a bill of exceptions, the bill of exceptions, though signed and approved by both of them, will be stricken from the record.
4. Exceptions, Bill of—Expiration of Term of Presiding Judge—Bystander's Bill—Practice.—When neither the judge who presides at the trial nor his successor in office has the power to sign and approve a bill of exceptions, the parties must resort either to a bystander's bill, or agree that the judge in office, when the bill is presented, may sign it.

HAGER & STEWART and AUXIER, HARMAN & FRANCIS for appellant.

J. S. CLINE and ROSCOE VANOVER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

In the year 1902, John Moore and wife sold and conveyed to the Sandy Valley & Elkhorn Railway Company a right of way through their farm at Shelby Gap in

Pike county, the deed providing that the said right of way was to be 100 feet in width, "and such additional width as may be necessary for cuts and fills." During the same year the work on the road was begun and, after being partially constructed, was abandoned until the year 1911. In that year a slight change was made in the location of the road, and in order to meet this change in location the railroad company condemned three strips of land bordering on the old right of way, and containing 70/100 of an acre, thus giving a width of 50 feet on each side of the center line of the new location. After describing the tract condemned, the commissioner's deed executed to the company after the trial by a jury contains the following provision: "Said three strips of land containing an aggregate of 70/100 acre, more or less, with such additional width as may be necessary for cuts and fills with bridges and culverts through the lands of John Moore." The right-of-way in question runs through Shelby Gap, which is a low gap dividing the headwaters of Shelby Creek and Elkhorn Creek. In making the cut through the gap the grade of the track was about 34 feet below the level of the gap. The hills rise sharply on either side of the cut, so that the top of the slope is about 55 feet from the track.

During and after the construction of the road about three acres of Moore's land slipped into the cut, and Moore brought this action to recover damages, charging that the company had gone outside of its right-of-way and taken land not included in its deeds, and had also removed the lateral support of his land. The trial before a jury resulted in a verdict and judgment in his favor for $779.00. The railroad company appeals.

The first question presented is whether appellee's motion to strike the bill of exceptions should be sustained. It appears that the judgment was rendered by the Pike circuit court at its November special term, 1915. At that time Hon. J. M. Roberson was the regular judge of the Thirty-fifth Judicial District, which includes the county of Pike, and presided at the trial. At the same term he overruled appellant's motion and grounds for a new trial and, by the same order, gave appellant until the fifteenth day of the regular February term of the court to prepare and file its bill of exceptions. Judge Roberson's term of office expired on the first Monday in January, 1916. He was succeeded by

Hon. John F. Butler, who presided at the regular February term of the Pike circuit court. The bill of exceptions was presented at the February term within the time fixed by the order and was signed and approved both by Judge Roberson, who presided at the trial, and by Judge Butler, his successor in office.

We have frequently written that a judge who did not preside at the trial has no authority to sign the bill of exceptions. The reason for the rule is that the bill must be certified by the judge who heard the trial and not by one whose certificate will be of no value. L. & S. R. Co., Receiver v. Lewis, 19 R. 570, 41 S. W. 3; Hayden v. Ortkeiss' Adm'r, 83 Ky. 396. It follows that the signing of the bill by Judge Butler was of no effect. It remains to determine whether Judge Roberson had authority to sign the bill. True, we have held that a special judge elected to preside during a particular term, who overrules a motion for a new trial and gives time to the succeeding term to file a bill of exceptions, has power to sign the bill at the time fixed. The reason for this holding is that, although the special judge cannot preside and enter judgment at the following term, he may, at the next term, complete what he has already begun, and his authority to preside extends over the case until it is prepared for an appeal to this court. McFarland, &c. v. Burton, 89 Ky. 294, 12 S. W. 336; Murray v. East End Improvement Co., 60 S. W. 648. We are unable to perceive how the above rule may be applied to the facts of this case. When the particular term for which a regular judge is elected expires, his jurisdiction ends and his authority ceases for all purposes. His acts thereafter are those of a private citizen and not those of a judge. We, therefore, conclude that a regular judge whose term of office has expired is without power to approve a bill of exceptions. In a case such as is here presented, the parties may either prepare a bystander's bill, or agree that the bill of exceptions may be certified by the judge who is presiding when the bill is tendered. The motion to strike the bill of exceptions is sustained.

In the absence of the bill of exceptions, the only question is whether the pleadings support the judgment, and of this there can be no question.

Judgment affirmed.