## Combs v. Combs.

(Decided May 11, 1917.)

### Appeal from Knott Circuit Court.

1. Exceptions, Bill of—Approval by Judge Who Did Not Preside at the Trial—Effect.—In the absence of an agreement by the parties or their counsel, a judge who did not preside at the trial has no power to sign and approve the bill of exceptions

2. Exceptions, Bill of—Approval—Expiration of Term of Presiding Judge—Bystanders' Bill—Agreement—Practice.—When the term of a judge who presided at the trial has expired, the parties must either resort to a bystanders' bill, or agree that the judge in office, when the bill is presented, may sign it.

3. Appeal and Error—Absence of Bill of Exceptions—Effect.—In the absence of a bill of exceptions, the only question to be determined is whether the pleadings support the judgment.

4. Judgment—Pleadings—Sufficiency.—Where, in an action to recover land, the descriptions in the petition and judgment are identical with the exception of the following words in the judgment, " . . . , so as to include all the land embraced in the 400-acre and 200-acre survey," it cannot be said, in the absence of the evidence, that the judgment embraces land not included in the petition.

5. Appeal and Error—Action by Joint Owners to Recover Land—Judgment in Favor of One Joint Owner—Right of Defendant to Complain.—The rendition of a judgment in favor of one of the plaintiffs instead of all the plaintiffs who sue as joint owners to recover a tract of land, affords no ground for complaint by the defendant, since the only persons adversely affected by the judg-

ment are the plaintiffs other than the one in whose favor the judgment was rendered.

SMITH & COMBS for appellant.

MORGAN & NUCKOLS and BAILEY P. WOOTTON for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Plaintiffs, W. A. Combs, Polly Gayheart, and others, brought this suit against John L. Combs to recover a tract of land embraced in two surveys made in the name of Lewis Mosley, one for 400 acres and the other for 200 acres. The trial before a jury resulted in a verdict and judgment for plaintiffs. Defendant appeals.

The first question presented is whether appellee's motion to strike the bill of exceptions should be sustained.

It appears that the motion for a new trial was overruled on November 24, 1915, and appellant given until the third day of the next term of the Knott circuit court to prepare and file his bill of exceptions. D. W. Gardner, judge of the Knott circuit court, presided at the trial. Judge Gardner's term expired on the first Monday in January, 1916, and he was succeeded by Judge A. T. Patrick. When the bill of exceptions was tendered at the March term of the court, it was signed and approved by Judge Patrick. It is now the settled rule in this state that a judge who did not preside at the trial has no power to sign and approve the bill of exceptions; and where the term of office of the regular judge who presided at the trial has expired, neither he nor his successor in office has the power to sign and approve the bill. In such a case, the parties must resort either to a bystanders' bill, or agree that the judge in office, when the bill is presented, may sign and approve it. Sandy Valley & Elkhorn Railway Company v. Moore, 175 Ky. 163, 193 S. W. 1090. The record before us fails to show that the parties or their attorneys agreed that the bill in question should be signed by Judge Patrick, and since, in the absence of such agreement, his certificate was not sufficient, it follows that the motion to strike the bill must be sustained.

In the absence of a bill of exceptions, the only question presented is whether the pleadings support the judgment. Sandy Valley & Elkhorn Railway Company v. Moore, supra; Clark v. Wallace Oil Co., et al., 155 Ky. 836, 160 S. W. 506. In this connection it is argued by

appellant that the judgment includes all the land covered by both the 200-acre and the 400-acre Mosley surveys, while the description in the petition embraces only the land covered by the 400-acre survey. We have carefully compared the description contained in the petition with that contained in the judgment, and they are identical in every respect with the exception that the judgment concludes with the following clause: ". . . . , so as to include all the land embraced in the 400-acre and 200-acre survey." Since the descriptions are identical, and we cannot consider the evidence, we are unable to say that, because of the above clause in the judgment, it embraces land not covered by the petition. We, therefore, conclude that, so far as the land itself is concerned, the petition is sufficient to support the judgment.

But it is further argued that the judgment is not supported by the petition, because it adjudges the land to plaintiff, W. A. Combs, while the petition alleges that he and others were joint owners of the property. Even if we concede, without deciding, that this is the effect of the judgment, it affords appellant no ground for complaint. So far as he is concerned, it is immaterial whether the ownership and possession of the land were adjudged to one of the plaintiffs or to all of the plaintiffs as joint owners. Only the plaintiffs other than the one in whose favor the judgment was rendered were adversely affected, and they are not complaining of the judgment.

Being of the opinion that the pleadings support the judgment so far as appellant is concerned, it follows that the judgment should be affirmed, and it is so ordered.