## City of Pikeville v. Dils, et al.

(Decided May 18, 1917.)

### Appeal from Pike Circuit Court.

1. Appeal and Error—Cross Appeal.—Under section 755 of the Civil Code of Practice a cross appeal can be granted only to an appellee against an appellant; a cross appeal cannot be granted to an appellant against a stranger to the appeal.

2. Exceptions, Bill of—Bystanders' Bill.—A judge who did not preside at the trial has no power to sign and approve a bill of exceptions; and, the regular judge who presided at the trial is without power to sign and approve a bill of exceptions after his term of office has expired. When neither the judge who presided at the trial nor his successor in office has the power to sign and approve a bill of exceptions, the parties must resort either to a bystanders' bill, or agree that the judge in office when the bill is presented, may sign it.

3. Appeal and Error—Bill of Exceptions—Pleading.—In the absence of a bill of exceptions, the only question to be determined is, whether the pleadings sustain the judgment.

4. Appeal and Error—Pleading—Bill of Exceptions.—Where a rejected pleading was not made a part of the record by a bill of exceptions or by an order, the fact that the clerk copied the rejected pleading into the record, did not make it a part of the record for the purposes of an appeal.

5.   Appeal and Error—Rejecting Pleading—Discretion of Court.—
     In rejecting an amended answer presenting a new defense, and
     tendered after all the evidence had been heard, and without ex-
     cuse for the delay, the trial court did not abuse its discretion.

GEORGE STINSON, JR., WILLIS STATON and CLINE & STEELE
for appellant.

E. J. PICKLESIMER for appellee, Pike County.

STRATTON & STEPHENSON for appellees, John A. Dils, et al.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

When the fiscal court of Pike county constructed a
bridge across the Big Sandy river, at Pikeville, in 1908,
the embankment approach to the bridge upon the town
side of the river occupied, practically, the whole of Shop
street for the distance of one city block. This was done
pursuant to an ordinance of the city of Pikeville. The
end of the embankment next to the river was between
four and five feet high. The appellees owned a lot ex-
tending along Shop street on the west side of the em-
bankment.

On May 5, 1913, John A. Dils, and his mother insti-
tuted this action against Pike county and the city of
Pikeville, to recover damages for the injuries to their
property by the appropriation of the street, and re-
covered a verdict for $1,016.00, against the city of Pike-
ville. The jury returned a verdict in favor of Pike
county. The city appeals.

It will first be necessary to pass upon two questions
of practice arising in this court.

1.   Upon motion of the city of Pikeville, the clerk of
this court granted it a cross-appeal against Pike county.
But, since section 755 of the Civil Code of Practice
authorizes a cross-appeal only in behalf of an appellee
against an appellant, the action of the clerk in granting
the appellant a cross-appeal against a stranger to the
appeal, was unauthorized. Parties not before this court
on the appeal are not affected by a cross-appeal. The
judgment in favor of Pike county can only be reviewed
by an original appeal therefrom; not by a cross-appeal
from the judgment against the city, as is here attempted.
Newman's Pleading and Practice, 2nd ed., sec. 696; Hes-
sing v. Hessing, 130 Ky. 685. The cross-appeal is dis-
missed.

2. Appellees have made a motion to strike the bill of exceptions from the record, upon the ground that it was not signed by the judge who tried the case. The record shows that the case was tried in November, 1915, by Judge Roberson, who was, at that time, the regular circuit judge for that judicial district. The motion for a new trial was overruled in November, 1915, and time was given the appellant until the 20th day of the February, 1916, term, to make and file a bill of exceptions. In the meantime Judge Butler had, in January 1916, succeeded Judge Roberson as the judge of that court; and, when the bill of exceptions was presented in February, 1916, it was approved and signed by both Judge Butler and Judge Roberson. This, however, did not satisfy the statute, since neither of them, except by consent, had the right to sign the bill of exceptions. Where the judge who tried the case has ceased to hold office before the bill of exceptions is filed, the only course for the litigant is to make a bystanders' bill. Sandy Valley & Elkhorn Co. v. Moore, 175 Ky. 163; Combs v. Combs, 175 Ky. 523. The motion to strike the bill of exceptions from the record is sustained.

3. There being no bill of exceptions in the record, the only question to be determined is whether the pleadings sustain the judgment. Martin v. Richardson, 94 Ky. 183; Campbell v. Campbell, 130 Ky. 714; Clark v. Wallace Oil Co., 155 Ky. 838; Tyler v. Woerner, 158 Ky. 711. The pleadings in the record undoubtedly sustain the judgment.

4. It is insisted, however, that the court erred in overruling the city's motion to file three amended answers offering new defenses. But two of the amended answers were not made parts of the record; and, the mere fact that the clerk copied them into the record did not make them parts of it, for the purpose of an appeal, in the absence of a bill of exceptions or an order of court so making them. Hortsman v. C. & L. R. R. Co., 18 B. M. 218; Lewis's Admr. v. Bowling Green Ry. Co., 147 Ky. 460, 39 L. R. A. (N. S.) 929; Commonwealth v. P. C. C. & St. L. R. Co., 163 Ky. 646.

5. The other rejected answer which was made a part of the record by an order of court, offered the defense that the new grade made by the embankment was the original grade of the street.

But this unverified answer was not tendered until the fourth day of the trial and after the case was ready to be submitted to the jury; and no cause was shown for the delay. Under the circumstances the trial court did not abuse its discretion in rejecting the pleading.

Judgment affirmed.