## Denny, Executor v. Darraugh.

(Decided October 27, 1925.)

### Appeal from Grant Circuit Court.

1. Alteration of Instruments—Party Producing Instrument has Burden of Explaining Alterations.—When an alteration is once made to appear, party producing instrument then has burden of explaining it by showing that change was made under circumstances rendering it lawful, or under circumstances which would not preclude a recovery by him.

2. Appeal and Error—Instructions Not Considered, where Not Made Part of Bill of Evidence Nor Identified by Court.—Where instruc₁ tions of court to jury were not made part of bill of evidence nor identified in any way by order of court, they cannot be considered on appeal.

3. Appeal and Error—Judgment Affirmed, if Sustained by Pleadings and Evidence.—Judgment must be affirmed by reviewing tribunal if it is sustained by pleadings and evidence.

4. Appeal and Error—Judgment Reversed, where Flagrantly Against the Evidence.—Judgment must be reversed, if verdict of jury and judgment of court are flagrantly against the evidence.

5. Appeal and Error—Reviewing Tribunal Not Authorized to Assume that Motion for Verdict in Favor of Defendant was Made.—Where record did not offer any evidence of motion by defendant for a verdict in his favor, reviewing tribunal was not authorized to as-

sume that such a motion was made, even though it is recited in motion and grounds for new trial that such motion had been made.

6. Alteration of Instruments—Bills and Notes—Burden of Proof on Plaintiff on Plea of Non Est Factum—Burden on Defendant on Question of no Consideration and Material Alteration.—In action against executor of a deceased person on a note, plaintiff had burden on issue of non est factum, but burden was on defendant on question of no consideration and material alteration.

7. Alteration of Instruments—Burden Shifted to Plaintiff when Defendant Proved Note was Altered to Explain Alteration.—In action against executor of deceased person on note, when plaintiff proved deceased's signature to note, he made out prima facie case that whole body of note was her act, and it then devolved on defendant to show from appearance of instrument itself or otherwise that it had been materially altered, and, when this was done, burden shifted to plaintiff to explain how and when alteration was made.

8. Alteration of Instruments—Plaintiff Held Not to have Sustained Burden of Explaining Erasures in Note.—In action against executor of deceased person on a note, plaintiff held not to have sustained burden of explaining erasures in note and of showing that they were made before it was delivered by maker to payee or afterwards with her knowledge and consent.

9. Alteration of Instruments—Verdict for Plaintiff in Suit on Note Held Flagrantly Against the Evidence.—In action against executor of deceased person on a note with defense of alteration, verdict for plaintiff held flagrantly against the evidence.

C. C. ADAMS, O. S. HOGAN and S. D. ROUSE for appellant.

W. S. CASON and J. J. BLACKBURN for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Three separate defenses—*non est factum,* want of consideration and material alteration—were pleaded in answer to an action on a $2,500.00 note brought by appellee, Darraugh, against Denny as executor of the estate of Mrs. Nancy A. Darraugh, deceased wife of appellee, J. C. Darraugh. The jury found and returned a verdict for Darraugh, the holder of the note, and the executor appeals. This case has once before been here. See opinion in 196 Ky. 614, where the facts are recited and the law of the case discussed. There it was said:

"On the question of *non est factum,* the burden of proof was on plaintiff. Thompson v. Eversole, 162 Ky. 836, 173 S. W. 165. On the questions of no

consideration and material alteration, the burden was on defendant. Bronston's Admr. v. Lake, 135 Ky. 173, 121 S. W. 1021. However, when plaintiff proved his wife's signature to the note, he made out a *prima facie* case that the whole body of the note was her act. Simpson v. Davis, 119 Mass. 229; 20 Am. Rep. 324. It then devolved upon defendant to show from the appearance of the instrument itself, or otherwise, that it had been materially altered. Davis v. Jenney, 1 Metcalfe (Mass.) 221. When this was done, the burden shifted to plaintiff to explain how and when the alteration was made. Elvert v. McClelland, 8 Bush 577; Frazer's Admr. v. Frazer, 13 Bush 397; Wild v. Ormsby, 6 Cush 314.''

The general rule is to the same effect, as indicated by the following text from 2 C. J. 1268:

''When an alteration is once made to appear, either by reason of a suspicion raised from the appearance of the instrument, or when such suspicion is raised or the alteration is proved by extraneous evidence, the party producing the instrument then has the burden of explaining the alteration by showing that the change was made under circumstances rendering it lawful, or under circumstances which would not preclude a recovery by him, as by showing that the alteration was made with the consent of or by the party bound by the writing, or that it was subsequently ratified by him, or that it was made by a stranger to the contract. In such cases the burden may be said to be shifted, or that the opposite party is under the necessity of meeting a *prima facie* presumption raised against the instrument.''

The note was written upon a printed form and admittedly bears the signature of Nancy A. Darraugh, but appellant insists that the note is a forgery brought about by the appellee, Darraugh, or some one in his interest, obtaining an old note signed by Nancy A. Darraugh, and erasing all pencil writing from the printed form save the signature ''Nancy A. Darraugh,'' and then filling the blanks with an indellible pencil with words which constitute, when taken in connection with the printed form, a promissory note for $2,500.00, dated November 15, 1919, payable to appellee, J. C. Darraugh. The original note is in the record. It is badly mutilated, as is shown by the following photograph:

An examination of the original paper discloses many erasures on the face of it. The first one appears where the figures representing the amount of the note are found at the top left-hand corner. Some of the witnesses testified that beneath these figures they could see evidence of other figures or letters having been there before the erasure. Like evidence was given with respect to the erasure on the line following the words "Williamstown, Kentucky," which had been stricken out. Over the erasure has been written the figures "15." On the second line of the note there appear two or three other erasures, one effacing the time of payment, and another the words "we" and "I" before the promise to pay. The next line has more than one erasure in it. In fact the whole line seems to have been rubbed with an eraser, and the name of appellee, " J. C. Darraugh," written over the erasure. The next line, following the words "or order," has undergone the same treatment. Several bankers and persons experienced in identifying handwriting and in the examination of signatures to papers were introduced as witnesses and testified, in substance, that the paper had many erasures upon it and that the words which now constitute the note in litigation appear to have been written over the erasures. This note for $2,500.00, it appears from appellee, Darraugh's contention, was to cover three other notes totaling $1,800.00, and $700.00, deposited in the bank to the credit of Mrs. Darraugh by her husband. The three notes are each written upon a printed blank form of a customer's check of the Corinth Deposit Bank of Corinth, Kentucky, and bear the proper signature of Nancy A. Denny, later Nancy A. Darraugh. These checks bear evidence of having been paid and cancelled. There is unmistakable evidence that the checks have been placed on a spindle such as bankers generally employ to hold cancelled checks. They also bear absolute evidence of erasures and alterations.

No bill of exceptions accompanies the record unless the bill of evidence, which was properly identified by order of court may be so considered. The order with respect to the bill of evidence reads:

"The defendant having on the second day of this term, being June 3, 1924, tendered the official stenographer's transcript of evidence herein, with carbon copy, and adopts same as bill of exceptions herein, which being examined and approved by the

judge is now to be and is made a part of the record without being spread on the order book."

The instructions of the court to the jury were not made a part of the bill of evidence, nor identified in any way by order of court. They cannot, therefore, be considered. Sandy Valley & Elkhorn Co. v. Moore, 175 Ky. 163, 193 S. W. 1020; Combs v. Combs, 175 Ky. 523, 194 S. W. 790; City of Pikeville v. Dils, &c., 175 Ky. 697; Gardner v. Alexander, 159 Ky. 713.

We have then only the pleadings and the evidence, and if these support the judgment it must be affirmed, under our well established rule. Sandy Valley & Elkhorn Co. v. Moore, supra; Blatz Co. v. Stivers, 200 Ky. 801; McKenny v. Knapp, 201 Ky. 768.

The pleadings are sufficient to support the judgment, but we are of opinion that the evidence does not. If the verdict of the jury and the judgment of the court are flagrantly against the evidence the judgment must be reversed. Appellant insists that his motion for a directed verdict should have been sustained. We have carefully examined the record to find such motion and the order showing that such motion was made but we have been unable to find either. In the motion and grounds for new trial, which are properly identified by order of court, appellant complains that his motion for a peremptory instruction should have been sustained, and also that an offered instruction should have been given. No offered instruction is copied in the record or brought to our attention, and we conclude that none exists. As the record does not afford any evidence of a motion on the part of the appellant, executor, for a verdict in his favor, we are not authorized to assume that such motion was made, even though it is recited in the motion and grounds for new trial that such motion had been made. The court knows from experience that motion and grounds for new trial are often hurriedly prepared without access to the record and that every conceivable ground for new trial is generally included in a motion so as to take care of any real ground the mover may have, if any, for new trial. Such statements in motion and grounds for new trial are not to be accepted by this court as fully supported by the record, or as evidencing the fact that a certain motion had been made or steps taken in the lower court where there is no other record evidence, properly

presented, of the existence of such motion or steps. The plaintiff had the burden of the issue of *non est factum*, but the burden was on the defendant on the question of "no consideration" and, "material alteration." When Darraugh proved his wife's signature to the note—it was admitted in this case—he made out a *prima facie* case that the whole body of the note was her act. As said in the former opinion, "It then developed upon defendant to show from the appearance of the instrument itself, or otherwise, that it had been materially altered, and when this was done the burden shifted to plaintiff to explain how and when the alteration was made." There was no evidence then introduced by appellee, Darraugh, to show when the erasures and alterations, which an examination of the paper itself disclosed, were made. Admitting the genuineness of the signature of Nancy A. Darraugh on the paper, the executor assailed the balance of the paper as a forgery, and further charged that the writing had been "materially altered." In support of the charge of "material alteration" the executor introduced several witnesses to prove the existence of the rubbed places on the paper and the marks and parts of letters and figures which appear to have been on the paper before it was filled in with the note, which is now the subject of this litigation. This evidence, it appears to the court, was abundant to shift the burden to the plaintiff to show when these alterations in the note were made. The *prima facie* case made by the plaintiff when he exhibited the note and proved the genuineness of the signature of the maker was overcome by the undisputed evidence of the several erasures and alterations apparent on the face of the paper. The burden of explaining these erasures and of showing that they were made before the paper was delivered by the maker to the payee, or afterwards with her knowledge and consent, was upon the appellee, Darraugh. He did not sustain this by evidence, and the executor was, therefore, entitled to a peremptory instruction had he asked for it.

We have carefully examined the evidence given by the witnesses, and especially have we examined the note sued on as well as the three notes which form the basis for the $2,500.00 note, and these convince us that the verdict of the jury upon which the judgment is based was and is flagrantly and palpably against the weight of the evidence. In the first place, Mrs. Darraugh had more money and property than her husband, who now

claims to have been her creditor. They had only been married a short time when she died. Before her marriage she had been a school teacher for a number of years and wrote a good hand, and, according to the banker with whom she dealt, was a good business woman. Appellee wrote a very good hand, as evidenced by different papers proved to have been written by him, now in the record. She wrote a good hand, as is shown by a number of checks on her bank and some notes. She spelled well, whereas the note in question and those upon which it is based contained misspelled words. It is inconceivable that a woman of the educational qualifications of Mrs. Darraugh, and who possessed business skill and was an expert penman, would have allowed a wholly inexperienced person, scarcely able to write a legible hand, prepare her notes, or that she would sign a note so poorly prepared as scarcely to be intelligible when she could have within a few moments prepared one in proper form. The great weight of the evidence, as we view it, supports the executor's contention, that the note in suit was prepared upon a blank form from which a former note in pencil had been erased, leaving only the signature of the maker, Nancy A. Darraugh. The physical facts as well as the testimony of the witnesses bear out this, and we must hold that the verdict of the jury was and is flagrantly against the evidence. Wherefore, the judgment is reversed for proceedings consistent with this opinion.